STATE OF CONNECTICUT *v.* WALTER N. HOGAN

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued February 13—decision released March 25, 1980

*Vincent A. Laudone,* with whom was *Juri E. Taalman,* for the appellant (defendant).

*D. Michael Hurley,* assistant state's attorney, with whom, on the brief, was *C. Robert Satti,* state's attorney, for the appellee (state).

PER CURIAM. The defendant was convicted by a jury of larceny in the first degree in violation of § 53a-122 (a) (2) of the General Statutes. The state's evidence with regard to the charge upon which the guilty verdict was rendered showed that on July 5, 1977, at the instruction of the defendant, Vickie Rivera, the defendant's girlfriend, withdrew

several thousands of dollars from her mother's savings account by forging her mother's signature on the passbook and delivered the money to the defendant. The defendant appeals from the judgment rendered on the verdict, claiming error in the admission into evidence of several exhibits offered by the state.

During the rebuttal testimony of Inspector Robert Papp, the state offered a magazine which Papp testified he purchased at an "adult book store" where the defendant was employed. The magazine contains dozens of pictures, both in black and white and in color, of men and women engaged in diverse sexual activities. Over the objection of the defendant, the trial court admitted the magazine as relevant and material only to the issue of the defendant's credibility and the defendant took an exception. It is clear that the exhibit is irrelevant to the offense of larceny with which he was charged.

Although the trial court generally possesses wide discretion in determining the relevancy of evidence, the exercise of that discretion remains subject to review by this court to ensure that it has not been abused. *State* v. *McCarthy,* 179 Conn. 1, 425 A.2d 924; *State* v. *Runkles,* 174 Conn. 405, 413, 389 A.2d 730, cert. denied, 439 U.S. 859, 99 S. Ct. 177, 58 L. Ed. 2d 168; *State* v. *Smith,* 174 Conn. 118, 122, 384 A.2d 347. A review of the transcript reveals that the defendant was never asked whether magazines were sold, nor did he deny that they were sold, at the store where he was employed. In fact, the defendant did state that certain magazines were sold there. The only question asked of him by the state's attorney which even remotely concerns magazines was whether any objects *other than* books, magazines,

and newspapers were sold at the store, to which the defendant answered in the negative. Thus, the admission of the magazine to establish that magazines were in fact sold at the store where the defendant was employed, since it did not contradict his testimony, was clearly irrelevant to the credibility of the defendant and constitutes error by the trial court. Nor can we say that the error was harmless. Devoid of any probative value, the admission of such a sexually explicit magazine could reasonably tend to inflame the jury with a resulting prejudicial effect that requires exclusion. See *State* v. *Mastropetre,* 175 Conn. 512, 517, 400 A.2d 276.

Upon retrial, a question may arise as to the admissibility of several withdrawal slips used by Vickie Rivera to withdraw money from her mother's account on dates prior to the time of the offenses for which the defendant was charged. Under our ruling in *State* v. *Vars,* 154 Conn. 255, 267, 224 A.2d 744, that evidence is clearly admissible to show a course of conduct.

There is error, the judgment is set aside and a new trial is ordered.